**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| CRYSTAL CLAYTON, | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. 5:12-cv-00771 |
| vs. | § | |
| | § | Jury Trial Demanded |
| COMMERCIAL RECOVERY SYSTEMS, | § | |
| INC. | § | |
| Defendant | § | |

## ORIGINAL COMPLAINT

### NATURE OF ACTION

1. This is an action for damages brought by Plaintiff, Crystal Clayton ("Plaintiff"), an individual, for Defendant's violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, the Texas Debt Collection Act ("TDCA"), Texas Deceptive Trade Practices Consumer Protection Act ("DTPA"), TEX. BUS. & COM. CODE §§ 17.01, *et seq.*, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA, the TDCA and the DTPA, and to have an Order or injunction issued by this Court preventing Defendant from persisting in its violative behaviors.

3. Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. § 1132(e)(2).

### JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

1. Plaintiff, Crystal Clayton ("Plaintiff"), is a natural person residing in the State of Texas, County of Bexar, and City of San Antonio.

2. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the TEX. BUS. & COM. CODE § 17.45(4) and TEX. FIN. CODE § 392.001(1).

3. Defendant, Commercial Recovery Systems, Inc. ("Defendant") is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as defined by TEX. FIN. CODE § 392.001(2).

4. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by TEX. FIN. CODE § 392.001(6).

## FACTUAL ALLEGATIONS

5. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

6. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

7. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

8. In connection with an alleged debt in default from Plaintiff, Defendant placed a telephone call to Plaintiff on or about May 9, 2012.

9. The May 9, 2012 telephone call was the initial communication between Defendant and Plaintiff.

10. During the May 9, 2012 communication, Defendant did not provide Plaintiff with the disclosures required by 15 U.S.C. § 1692g(a).

11. Defendant did not provide the disclosures required by 15 U.S.C. § 1692g(a) to Plaintiff in writing within five days thereafter.

12. Plaintiff called Defendant on or about May 29, 2012 at 9:20 A.M., and at such time, spoke with Defendant's agent and/or employee "Karen Jane" ("Ms. Jane").

13. During the May 29, 2012 communication, "Ms. Jane" told Plaintiff that its initial correspondence was sent to "16505 La Cantera Parkway in San Antonio."

14. During the May 29, 2012 communication, Plaintiff stated that she had not received that, and that she had only been living in San Antonio for four months.

15. During the May 29, 2012 communication, "Ms. Jane" then told Plaintiff that the initial correspondence was sent to "1603 East Tom Green Street in Brennum."

16. During the May 29, 2012 communication, Plaintiff then told Defendant: "No, I have not received it though."

17. Despite knowledge that Plaintiff never received the notices required by 15 U.S.C. § 1692g(a), Defendant did not provide the same to Plaintiff thereafter.

18. During the May 29, 2012 phone call between Plaintiff and Defendant, Plaintiff confirmed with Defendant her current, correct address.

19. After the May 29, 2012 phone call between Plaintiff and Defendant, Defendant also had Plaintiff's current and correct phone number.

20. Plaintiff's counsel sent Defendant written notice via certified mail dated June 26, 2012 that Plaintiff was represented by an attorney.

21. Defendant received Plaintiff's June 26, 2012 letter on June 30, 2012 at 10:22 A.M.

22. Plaintiff's counsel sent Defendant written notice via certified mail dated June 29, 2012 that also stated that Plaintiff was represented by an attorney.

23. Defendant received Plaintiff's June 29, 2012 letter on July 3, 2012 at 12:26 P.M.

24. In connection with the collection of Plaintiff's alleged debt, Defendant placed a telephone call to Plaintiff's father on July 19, 2012, and left a voice message.

25. Defendant's July 19, 2012 voice message disclosed the identity of Defendant without being expressly requested to do so.

26. Defendant's July 19, 2012 voice message failed to state that the purpose of the call was to confirm or correct location information concerning Plaintiff.

27. Defendant's July 19, 2012 voice message disclosed the existence of Plaintiff's debt.

28. Defendant did not attempt to contact Plaintiff's counsel prior to placing its July 19, 2012 voice message.

29. Plaintiff's counsel did not fail to respond to any communications from Defendant within a reasonable period of time.

30. Neither Plaintiff, nor Plaintiff's counsel consented to Defendant contacting Plaintiff's father directly.

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692b(1)

31. Plaintiff repeats and re-alleges each and every allegation contained above.

32. Defendant violated 15 U.S.C. § 1692b(1) by contacting a person other than Plaintiff without stating that it is confirming or correcting location information concerning the consumer, and by disclosing its corporate identity without being expressly requested.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692b(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT II
### VIOLATION OF 15 U.S.C. § 1692b(2)

33. Plaintiff repeats and re-alleges each and every allegation contained above.

34. Defendant violated 15 U.S.C. § 1692b(2) by contacting a person other than Plaintiff and disclosing the existence of Plaintiff's debt to the third party.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692b(2);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692b(6)

35. Plaintiff repeats and re-alleges each and every allegation contained above.

36. Defendant violated 15 U.S.C. § 1692b(6) by contacting a person other than Plaintiff after Defendant knew Plaintiff was represented by an attorney and had knowledge of, or could readily ascertain, such attorney's name and address, and where the attorney did not fail to respond within a reasonable period of time to any communication from Defendant.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692b(6);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692c(b)

37. Plaintiff repeats and re-alleges each and every allegation contained above.

38. Defendant violated 15 U.S.C. § 1692c(b) by communicating with a third party other than in the manner prescribed by 15 U.S.C. § 1692b, without having received the prior consent of Plaintiff or the express permission of a court of competent jurisdiction, and without it being necessary to effect a post-judgment remedy.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692d

39. Plaintiff repeats and re-alleges each and every allegation contained above.

40. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of Plaintiff's alleged debt, including leaving a message with a third party when (1) Defendant knew Plaintiff's correct name and telephone number and could have reached Plaintiff directly,

and (2) Defendant knew Plaintiff's counsel's correct information and could have contacted Plaintiff's counsel directly.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692d;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692e(10)

41.   Plaintiff repeats and re-alleges each and every allegation contained above.

42.   Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including, but not limited to: misrepresenting where the initial correspondence was sent.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF 15 U.S.C. § 1692g(a)

43. Plaintiff repeats and re-alleges each and every allegation contained above.

44. Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the disclosures required by 15 U.S.C. § 1692g(a) in its initial communication with Plaintiff or within five days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

45.     Plaintiff is entitled to and hereby demands a trial by jury.

> Respectfully submitted,
>
> By: /s/ Dennis R. Kurz
> Dennis R. Kurz
> Texas State Bar # 24068183
> Dkurz@attorneysforconsumers.com
> WEISBERG & MEYERS, LLC
> Two Allen Center
> 1200 Smith Street
> Sixteenth Floor
> Houston, TX 77002
> Telephone:     (888) 595-9111
> Facsimile:     (866) 565-1327
>
> *Attorney for Plaintiff*
> CRYSTAL CLAYTON